UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAUL W. KRAUSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-CV-218 DDN |
| JAY HOLCOMB, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $10.00, which is reasonable based on the information the Court has about plaintiff's finances.[1] *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

---

[1] Plaintiff has submitted a certified inmate account statement, but because plaintiff has not been incarcerated at the Mississippi County Detention Center for six months, the statement reflects only one month's deposits. Because this likely does not represent an average month's deposits, the Court has assessed a lower initial filing fee than the statutory 20 percent of an average month's deposits. *See* 28 U.S.C. § 1915(b)(2).

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff, an inmate at Mississippi County Detention Center ("MCDC"), filed this civil rights action under 42 U.S.C. § 1983, alleging the MCDC violated his Eighth Amendment right to be free of cruel and unusual punishment. He also brings claims against two individual defendants, Jay Holcomb and Faith [Unknown], alleging these defendants stole his cell phone from his personal property. Plaintiff has also named as defendants the Missouri Highway Patrol and Judge S. Rob Barker.

Plaintiff alleges two claims under the Eighth Amendment, one for failure to treat his tendonitis in his right wrist, and one for failure to treat his suicidal thoughts. Plaintiff alleges the tendon in his wrist snapped, causing him intense pain, and he was not taken to the emergency room for four and a half hours. He also alleges unnamed staff at the MCDC were told he was suicidal, but it took staff thirty-five days to prescribe medication and counseling.

Finally, plaintiff alleges due process violations against Judge S. Rob Barker for allegedly improperly signing a search warrant. For relief, plaintiff seeks monetary damages of $1,000,000.00.

## Discussion

Plaintiff's basic claims are twofold: (1) defendants Jay Holcomb and Faith [Unknown] stole his phone; and (2) defendants violated his Eighth Amendment rights when they (a) did not immediately send him to the emergency room after his tendon injury, and (b) did not give him medications and counseling for thirty-five days after notice that he was suicidal.

As to plaintiff's complaints that defendants Holcomb and Faith [Unknown] stole his phone, there is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate post-deprivation remedy. *E.g., Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). If the taking of property by prison officials is intentional and the state provides an adequate post-deprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate post-deprivation remedy). Plaintiff does not allege that he lacks an adequate post-deprivation remedy. Missouri provides the post-deprivation remedy of replevin for recovery of personal property. *Id.*; Mo. R. Civ. P. 99.01 - 99.15. As a result, plaintiff's complaint regarding the theft of his phone will be dismissed for failure to state a claim upon which relief can be granted.

As to plaintiff's Eighth Amendment medical claims, he states that he has tendonitis in his right wrist. Before being incarcerated, plaintiff's doctor told him that his tendonitis required surgery. Plaintiff states his tendon "finally snapped" at MCDC on November 22, 2017, but he was not seen in the emergency room for more than four hours. Plaintiff was treated in the emergency room, and he has not alleged any further harm. Plaintiff does not allege that the brief

3

delay in treatment was responsible for aggravating his condition. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (*citing Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)). A delay as brief and as non-detrimental as plaintiff alleges does not state a claim for deliberate indifference to his serious medical needs. *See Johnson*, 452 F.3d at 973 (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition).

Likewise, plaintiff states that he told "all staff" at MCDC that he was suicidal but that it took "them" thirty-five days to treat him with medication and counseling. Again, plaintiff does not allege that the delay in treatment was responsible for aggravating his condition. *Id.* Absent such allegation, plaintiff has failed to state a plausible claim. Moreover, plaintiff does not identify any named defendant who deliberately disregarded his request. To state a claim for cruel and unusual punishment, plaintiff must allege that he had a serious medical need and that defendant knew of and deliberately disregarded. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's statement that he told "all staff" of his suicidal thoughts, and it took "them" too long for treatment is too conclusory to state a plausible claim absent any allegation that any defendant deliberately disregarded his medical needs. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For these reasons, plaintiff's claims of Eighth

Amendment violations arising out of his medical needs will be dismissed under 28 U.S.C. § 1915(e)(2).

As to plaintiff's claims against defendant Missouri Highway Patrol, these claims are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A suit against the Missouri Highway Patrol is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendant Missouri Highway Patrol and any individual defendants in their official capacities.

Additionally, plaintiff's claim against the MCDC is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Finally, plaintiff's complaint is legally frivolous as to Judge S. Rob Barker because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11–12. Plaintiff has failed to allege any action by the Judge Barker in signing the search warrant was nonjudicial in nature or taken without jurisdiction. Plaintiff has failed to state a claim upon which relief can be granted against the defendant judge.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $10.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of May, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

6